T.C. Memo. 2008-208


UNITED STATES TAX COURT


ESTATE OF STROWN MARTIN, DECEASED, FANNIE L. MARTIN,
SPECIAL REPRESENTATIVE, AND FANNIE L. MARTIN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10686-05.                    Filed August 28, 2008.


<u>Alex J. Llorente</u>, for petitioners (through trial only).

<u>Karen Nicholson Sommers</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


COHEN, <u>Judge</u>:  Respondent determined deficiencies and
penalties with respect to the Federal income tax liabilities of
Strown Martin (decedent) and Fannie L. Martin (petitioner) as
follows:

| Year | Deficiency | Penalty Sec. 6662(a) |
|------|-----------|----------------------|
| 2000 | $231,305 | $46,261 |
| 2001 | 5,771 | 1,154 |
| 2002 | 2,824 | 565 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice of Procedure. The issues for decision are:

(1) Whether an arbitration award of $616,600 is includable in petitioners' gross income for 2000 and, if so, whether they are entitled to deduct from that income business startup costs from prior years;

(2) whether petitioners may deduct losses from farming activity claimed on Schedules F, Profit or Loss From Farming, for the years in issue;

(3) whether petitioners may deduct losses in excess of $25,000 from rental real estate activity for the years in issue; and

(4) whether petitioners are liable for the accuracy-related penalty under section 6662 for the years in issue.

## FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Decedent and petitioner resided in California at the time their petition was filed.

Both decedent and petitioner were teachers and held master's degrees. Petitioner taught accounting at the college level, including courses in principles of accounting and payroll accounting courses.

In 1976 decedent and petitioner purchased 80 acres of land in California with the intention of starting a fruit and vegetable farm after retirement. They retired in 1991.

In 1994 petitioners sought farm loans from the branch of the U.S. Department of Agriculture (USDA) that is now known as the Farm Service Agency. Petitioners experienced discriminatory treatment from the USDA with respect to their farm loans because they were African-Americans. Eventually they presented a claim to the USDA for damages suffered as a result of the discrimination, and they joined a class action lawsuit involving many similarly situated African-American farmers.

Pursuant to settlement of the class action lawsuit, an arbitrator appointed by a U.S. district court found that petitioners were entitled to $50,000 for emotional distress and $568,600 for lost net income from April 1, 1996, through December 31, 1999. The lost net income was calculated by projecting net income from farming that petitioners would have received if the loans they requested from the USDA had been processed. In 2000 petitioners received payment of $616,600 of the damages awarded

by the arbitrator. (The $2,000 discrepancy between the amount awarded and the amount paid is not explained in the record.)

Decedent and petitioner timely filed their joint Federal income tax returns for 2000, 2001, and 2002. They used the cash method accounting system during these tax years. Decedent and petitioner did not report any of the arbitration award received as income on their 2000 return. On Schedules F attached to the returns, they reported the following losses:

| Year | Farm Income | Farm Expenses | Net Farm Profit (Loss) |
|------|-------------|---------------|------------------------|
| 2000 | -0- | $47,406 | ($47,406) |
| 2001 | -0- | 41,374 | (41,374) |
| 2002 | -0- | 35,599 | (35,599) |

Most of the expenses claimed consisted of alleged mortgage interest payments on decedent and petitioner's farm in the annual amount of $26,616. The claimed farm losses reduced their reported adjusted gross income for each of the years. Decedent and petitioner also reported rental activity losses on a Schedule E, Supplemental Income and Loss, for each of the years in issue.

The Internal Revenue Service (IRS) examined the returns for 2000, 2001, and 2002. During the examination process petitioner presented documents to substantiate the farm expenses claimed on the returns. The documents included: (1) A large number of canceled checks from 1994; (2) a statement of startup expenses incurred in 1994 and 1995 with respect to clearing and preparing the land for farming; and (3) monthly canceled checks from 2000

to Sephardic Education Center in Jerusalem (Sephardic Center) in the amount of $1,655.44 and to Rafael and Victoria Sarfatti (the Sarfattis) in the amount of $562.50.

In the notice of deficiency upon which this case is based, the following adjustments were made: (1) The full arbitration award was included in petitioners' gross income for 2000; (2) all of the farm expenses claimed were disallowed because of lack of substantiation; (3) the amount of losses from the rental real estate activity for each year was reduced to $25,000, the maximum deduction allowed per year for passive activity losses under section 469(i); and (4) section 6662(a) accuracy-related penalties were imposed. The IRS disallowed the farm expense deductions in full because the 1994 and 1995 startup expenses were not incurred during the years in issue, the monthly checks to the Sephardic Center and to the Sarfattis did not establish that payments were made on a mortgage debt, and petitioners did not present any other evidence of a valid mortgage debt.

OPINION

Arbitration Award as Income

Gross income, for purposes of calculating taxable income, includes all income from whatever source derived. Sec. 61(a). Petitioners have not claimed that any exclusion applies to the economic damages included in the arbitration award, and none would apply.

Generally, cash basis taxpayers report income in the year of receipt. Sec. 451(a). Because decedent and petitioner were cash basis taxpayers in 2000, the arbitration award of $616,600 is includable in their gross income for 2000.

Petitioner asserts that she filed amended returns for 1996-99 allocating portions of the arbitration award as income to those years. However, petitioner has neither produced copies of amended returns nor identified any authority for allocating portions of the arbitration award to prior tax years. In any event, there is no authority for such an allocation.

Petitioners contend that if the arbitration award is included in income, then startup costs decedent and petitioner incurred in establishing the farming operation in 1994 and 1995 should be deducted against the amount of the award. Petitioners bear the burden of proving entitlement to the claimed deductions. See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). As substantiation for expense deductions in 2000, petitioner presented canceled checks and lists of startup expenses from 1994 and 1995. However, there is no evidence as to whether expenses incurred in 1994 and 1995 were claimed on petitioners' returns before 2000. There is no evidence that the expenses were not taken into account by the arbitrator when the projected net income from farming was calculated and included in the economic damages portion of the arbitration award.

Petitioners have failed to satisfy their burden of proof.  Under these circumstances and on the record in this case, none of the 1994 and 1995 expenses may be deducted.

Schedule F Losses

Petitioner argues that the IRS erred by disallowing all Schedule F losses for the years in issue.  Petitioner also bears the burden of proof with respect to these deductions, and she has failed to satisfy that burden.

The IRS disallowed, for lack of substantiation, the Schedule F farming expenses claimed for the years in issue.  The notice of deficiency explained that decedent and petitioner had neither shown that the expenses claimed were incurred during the year in issue nor that any portion of the $26,616 in annual payments deducted on the Schedules F was payment of interest on a debt.  Respondent also argues that petitioners were not engaged in farming during 2000, 2001 and 2002, or at any time after 1995, presumably because of the discrimination that they suffered.  Petitioners did not report any income from farming during the years in issue.

During the examination and at trial petitioner presented copies of monthly canceled checks in the amounts of either $1,655.44 (made out to Sephardic Center) or $562.50 (made out to the Sarfattis) to substantiate the claimed mortgage interest expenses related to the farm in 2000.  After trial petitioner

moved to reopen the record for receipt of a copy of a deed of trust, dated March 8, 1991, conveying property of decedent and petitioner to Endowment Sephardic Educational Center, Maimonides Research and Development Foundation, and Savings Mortgage Corporation, in trust, as security for a promissory note of $176,500. Respondent did not object, and the document was received in evidence.

Petitioner, however, has provided no details about the terms or subject matter of any loan agreement, and we have no basis for determining what, if any, portions of the payments were deductible interest. Petitioner did not identify or substantiate the other expenses claimed on Schedules F. Thus deductions of farm expenses for the years in issue were properly disallowed.

Schedule E Losses

In her brief petitioner argues that the IRS's "complete disallowance of all Schedule E losses" related to decedent and petitioner's rental real estate activity (passive activity losses) for 2001 and 2002 is incorrect. Generally, passive activity losses are not allowed to be deducted from income for the taxable year in which they are incurred. Sec. 469(a). However, section 469(i) allows a deduction not to exceed $25,000 for a portion of passive activity losses attributable to rental real estate activities in which the taxpayer actively participated during the taxable year.

The IRS permitted petitioners to deduct Schedule E losses up to the $25,000 limit for each year.  For 2000 the IRS allowed petitioners the full amount of Schedule E deductions claimed, which totaled $17,435.  The IRS also permitted petitioners to deduct $25,000 of their passive activity losses from their rental real estate activities for 2001 and 2002 and advised them in the notice of deficiency that they may carry forward the excess losses into subsequent tax years indefinitely.  Petitioner presents neither evidence nor argument showing that she is entitled to deduct more than the amounts allowed in the statutory notice.

Accuracy-Related Penalty

Petitioner contests the imposition of accuracy-related penalties for the tax years in issue.  Section 6662 imposes a 20-percent accuracy-related penalty on any underpayment of Federal income tax attributable to a taxpayer's negligence or disregard of rules or regulations, or substantial understatement of income tax.  Sec. 6662(a) and (b)(1) and (2).  Section 6662(d)(1)(A) defines "substantial understatement of income tax" as an amount exceeding the greater of 10 percent of the tax required to be shown on the return or $5,000.  Under section 7491(c), respondent bears the burden of production with regard to penalties and must come forward with sufficient evidence indicating that it is appropriate to impose penalties.  See Higbee v. Commissioner, 116

T.C. 438, 446 (2001). However, once respondent has met the burden of production, the burden of proof remains with the taxpayer, including the burden of proving that the penalties are inappropriate because of reasonable cause or substantial authority. See Rule 142(a); Higbee v. Commissioner, supra at 446-447.

Respondent's burden of production has been met. Respondent has shown that: (1) Decedent and petitioner substantially understated their income tax by failing to report any of the $616,600 arbitration award received in 2000; (2) decedent and petitioner's 2001 return contained an understatement of income tax exceeding $5,000; (3) decedent and petitioner deducted farming expenses of $47,406, $41,273, and $35,599 for 2000, 2001 and 2002, respectively, and they failed to maintain or produce records to substantiate those deductions; and (4) decedent and petitioner were negligent and disregarded rules by deducting passive activity losses beyond the $25,000 allowed for their rental real estate activity.

The accuracy-related penalty under section 6662(a) will not be imposed with respect to any portion of the underpayment as to which the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1). The decision as to whether a taxpayer acted with reasonable cause and in good faith is made by taking into account all of the pertinent facts and circumstances. Sec.

1.6664-4(b)(1), Income Tax Regs.  The most important factor is the extent of the taxpayer's effort to assess his or her proper tax liability.  Id.  An honest misunderstanding of fact or law that is reasonable in light of the experience, knowledge, and education of the taxpayer may indicate reasonable cause and good faith.  Higbee v. Commissioner, supra at 449.

Petitioner is a retired accounting teacher and has taught college-level accounting courses.  However, she failed to report the $616,600 arbitration award received in 2000.  While she presented evidence of expenses in prior years claiming offsets to income from the years in issue, petitioner does not cite, and we do not find, any authority that would allow petitioners, as cash basis taxpayers, to recalculate their Federal income tax liability using the accrual method of accounting.

Petitioner did not maintain or provide any receipts for the farming expenses claimed on Schedules F for the years in issue. Decedent and petitioner claimed unsupported farm and rental real estate losses.  All of these claims, without any reasonable cause given, suggest lack of good faith on the part of decedent and petitioner, especially in light of their education and expertise. Because petitioner presented neither evidence nor argument that the positions taken on the returns were either reasonable or in good faith, petitioners are liable for accuracy-related penalties under section 6662 for all of the years in issue.

In reaching our decision, we have considered all arguments made by the parties.  To the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

Decision will be entered for respondent.